UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER CHMURA,

                Plaintiff,

                                                  Case # 16-CV-205-FPG

v.

                                                    DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

Christopher Chmura ("Chmura" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On August 16, 2012, Chmura protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 162-70. He alleged that he had been disabled since April 1, 2001 due to schizophrenia, lethargy, paranoia, social anxiety, and cocaine and alcohol abuse. Tr. 189. On November 4, 2013, Chmura and a vocational expert ("VE") appeared and testified at a

---

[1]       Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]       References to "Tr." are to the administrative record in this matter.

1

hearing before Administrative Law Judge William M. Weir ("the ALJ"). Tr. 37-66. On September 26, 2014, the ALJ issued a decision finding that Chmura was not disabled within the meaning of the Act. Tr. 21-32. On January 12, 2016, the Appeals Council denied Chmura's request for review. Tr. 1-7. Thereafter, Chmura commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Chmura's claim for benefits under the process described above. At step one, the ALJ found that Chmura had not engaged in substantial gainful activity since the application date. Tr. 23. At step two, the ALJ found that Chmura has schizophrenia, which constitutes a severe impairment. *Id.* At step three, the ALJ found that this impairment did not meet or medically equal an impairment in the Listings. Tr. 23-24.

Next, the ALJ determined that Chmura retained the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. Tr. 24-30. Specifically, the ALJ found that Chmura can perform simple repetitive tasks with no more than occasional contact with coworkers, supervisors, and the public. Tr. 24.

At step four, the ALJ indicated that Chmura had no past relevant work. Tr. 30. At step five, the ALJ relied on the VE's testimony and found that Chmura can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 31. Specifically, the VE testified that Chmura could work as a dowel inspector and warehouse support worker. *Id.* Accordingly, the ALJ concluded that Chmura was not "disabled" under the Act. Tr. 31-32.

## II. Analysis

Chmura argues that remand is required because the ALJ afforded "significant weight" to the opinion of his treating physician John McAlevey, M.D. ("Dr. McAlevey") but failed to adopt all of his recommended limitations into the RFC assessment or explain why certain limitations

were rejected.[3]  ECF No. 9-1, at 13-19.  Specifically, Chmura asserts that the ALJ improperly rejected Dr. McAlevey's opinion that he would be absent from work two days per month.  *Id.*

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion."  *De Roman v. Barnhart*, No. 03 Civ. 0075 (RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citation omitted); 20 C.F.R. § 416.927.  Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion."  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

Even when a treating physician's opinion is not given "controlling" weight, the ALJ must still consider several factors in determining how much weight it should receive.  The ALJ must consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical

---

[3]  Chmura advances other arguments that he believes require reversal of the Commissioner's decision.  ECF No. 9-1, at 19-24.  However, because the Court disposes of this matter based on the ALJ's improper evaluation of Dr. McAlevey's opinion, those arguments need not be reached.

issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); 20 C.F.R. § 416.927(c)(1)-(6).

In general, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Accordingly, when an ALJ adopts only portions of a medical opinion he or she must explain why the remaining portions were rejected. *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citing *Younes*, 2015 WL 1524417 at *8 (although an ALJ is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [ALJ] must have a sound reason for weighting portions of the same-source opinions differently")).

On October 23, 2013, Dr. McAlevey completed a medical source statement in which he diagnosed Chmura with paranoid schizophrenia and assessed several work-related limitations. Tr. 286-89. In this form, Dr. McAlevey opined that Chmura would be absent from work about two days per month due to his impairments or treatment. Tr. 288. The ALJ summarized Dr. McAlevey's opinion in his decision, including that Chmura "might be absent about two days per month due to mental impairments or treatment." Tr. 29. The ALJ afforded "significant weight" to Dr. McAlevey's opinion, yet the RFC assessment lacks any limitation related to absences. Tr.

24, 29. The ALJ did not explain why this portion of Dr. McAlevey's opinion was unpersuasive, and the ALJ's reasoning on this issue is not apparent from any other part of his decision. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When . . . the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

Chmura asserts that the ALJ's failure to reconcile the RFC assessment with Dr. McAlevey's opinion as to absences was particularly harmful because VE testimony established that this limitation would render him unemployable. The Court agrees. *See Dioguardi*, 445 F. Supp. 2d at 298 (noting that the ALJ's "failure to reconcile the RFC assessment with medical source statements was error, and based upon the testimony given by the vocational expert, the failure was not harmless").

At Chmura's hearing, the VE specifically testified that the jobs she identified that Chmura could perform have a "probationary period" during the first 90 to 120 days of employment when "there is no tolerance for any absence." Tr. 64. The VE further testified that beyond the probationary period, absences were tolerated "no more than one day per month consistently." *Id.* Dr. McAlevey opined that Chmura would be absent two days per month, which would likely preclude his ability to maintain employment. The ALJ erred when he rejected this opinion, which is very favorable to Chmura's claim for disability, without any explanation. Therefore, remand is required. *See Raymer*, 2015 WL 5032669, at *6 ("Remand is especially appropriate where, as here, the ALJ gave [the doctor]'s opinion 'considerable weight,' but failed to provide an explanation for not incorporating into the RFC some of the limitations identified in that opinion—particularly those that would lead to a finding of disability."); *Searles*

*v. Astrue*, No. 09-CV-6117, 2010 WL 2998676, at *4 (W.D.N.Y. July 27, 2010) (remanding where "the ALJ failed to explain why he ignored portions of an opinion for which he granted 'significant weight.'").

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 8, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court